UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| H. MICHAEL CHITWOOD, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:09-cv-262 |
| ) | Judge Mattice |
| JOHN LOZITO d/b/a JOHN LOZITO ) | |
| INTERIORS and VERO DESIGN, INC., ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiff's Motion to Remand [Court Doc. 3]. Plaintiff seeks to remand this action to the Circuit Court of Hamilton County, Tennessee because he asserts that Defendant John Lozito d/b/a John Lozito Interiors ("Lozito") improperly removed the action to federal court without the consent of Defendant Vero Design, Inc. ("Vero"). Although Vero has since filed a Notice of Consent to Removal [Court Doc. 5], Plaintiff contends that this consent is untimely and that the procedural deficiency in Lozito's removal requires remand of the case. Both Defendants have filed a Response [Court Docs. 6 & 11] and Plaintiff has filed a Reply [Court Doc. 12].

For the reasons stated below, the Court will **GRANT** Plaintiffs' Motion to Remand [Court Doc. 3].

I.   **FACTS AND PROCEDURAL HISTORY**

The facts of this case and its procedural history may be summarized as follows. Plaintiff filed his lawsuit against Defendants Lozito and Vero in the Circuit Court of Hamilton County on September 1, 2009 (Court Doc. 1-1, Compl.) Both Defendants were

apparently served on September 10, 2009. (Court Docs. 1-1 & 3-1.)

Following service of process, Lozito timely filed a Notice of Removal ("Notice") to this Court on October 7, 2009. (Court Doc. 1, Notice of Removal.) In the Notice, Lozito avers that he was served on September 10, 2009 and, upon information and belief, Vero was also served on or before September 10, 2009. (*Id.* ¶ 2.) Lozito further states that upon information and belief, Vero is a corporation organized under the laws of Florida and has its principal place of business in Florida. (*Id.*) Lozito asserts that jurisdiction in this Court is proper based on the diversity jurisdiction provisions of 28 U.S.C. § 1332. (*Id.* ¶ 5.) Vero did not sign this Notice, and Lozito does not reference Vero beyond the statements in paragraph 2 concerning service of process and the location of this Defendant.

Following removal, Plaintiff timely filed the instant Motion to Remand on October 20, 2009. (Court Doc. 3, Pl.'s Mot. to Remand.) In the Motion, Plaintiff asserts that Lozito's Notice of Removal did not indicate that Vero consented to the removal and the consent of all defendants is required for a proper and timely removal of the action to this Court. (*Id.*) Accordingly, Plaintiff requests remand of the case to state court. (*Id.*)

After Plaintiff filed his Motion to Remand, Vero filed a Notice of Consent to Removal on October 27, 2009. (Court Doc. 5, Vero Notice.) Vero asserts in the Notice that at the time the matter was removed, Vero had a pending Motion for Extension of Time to respond to Plaintiff's Complaint and was not yet required to file any response in the action. (*Id.* ¶ 2.) Vero further asserts that it considers itself to be a nominal defendant in the case. (*Id.* ¶ 3.)

Defendant Lozito timely filed a Response to Plaintiffs' Motion to Remand. (Court

Doc. 6, Lozito Resp.) Defendant Vero filed a Response essentially adopting Defendant Lozito's Response. (Court Doc. 11, Vero Resp.) In the Response, Lozito points out that Vero has since filed a Notice of Consent to Removal and reiterates Vero's contentions in that Notice - that Vero was not required to respond to Plaintiff's Complaint at the time of removal and that Vero is a nominal party and its consent was not required. (Lozito Resp. ¶¶ 2-3.)

In his Reply, Plaintiff asserts that Vero's Notice of Consent to Removal is not timely because it was filed forty-seven days after Vero was served. (Court Doc. 12, Pl.'s Reply at 1.) Plaintiff also argues that Vero's claim that it was not required to respond to the Complaint when the action was removed is irrelevant and that Vero is not a nominal party. (*Id.*)

Plaintiff recently moved to voluntarily dismiss Vero from this action because the parties have reached a settlement agreement. (Court Doc. 16.) The Court dismissed Vero on July 30, 2010. (Court Doc. 18.)

## II. STANDARD OF REVIEW

Diversity jurisdiction exists in a United States District Court where a civil claim arises between two citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A defendant may remove a civil case originally brought in state court to a United States District Court if that district court had original jurisdiction pursuant to 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where

-3-

such action is pending."

Removal from state court is governed by 28 U.S.C. § 1446, which states in pertinent part:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). From this language, the United States Court of Appeals for the Sixth Circuit has held that "in order for a notice of removal to be properly before the court, all defendants *who have been served or otherwise properly joined in the action* must either join in the removal, or file a written consent to the removal," in what is commonly referred to the rule of unanimity. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) (emphasis added); *see also Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201 (6th Cir. 2004); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

### III. ANALYSIS

The removing party, Defendant Lozito, has the burden to establish that removal is appropriate, and "all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007). "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 757 (6th Cir. 2000). In regards to the unanimity rule, the Sixth Circuit has specifically held:

-4-

> [A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.

*Loftis*, 342 F.3d at 516 (citations omitted).

"[W]hen matters of removal procedure are at issue, it is important that the Court adhere to clear and intelligible rules. . . . The requirement that all defendants join in the removal petition is one of those areas where the rules should be clear and uniform." *Local Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental and Reinforcing Ironworkers v. P.J. Dick Inc.*, 253 F. Supp.2d 1022, 1025 (S.D. Ohio 2003). While this strict requirement may seem to advocate remanding cases to state court based on a technicality, the Court is cognizant that removal encroaches on state court jurisdiction and that this reason alone mandates adherence to the rules in this area–even though other considerations, such as the necessity for uniform rules, are also important. *See Brierly*, 184 F.3d at 534 (stating that "the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction").

In the instant case, there is no assertion that Vero joined in Lozito's Notice of Removal or had consented in some other manner before Lozito's removal. In addition, Vero's Notice of Consent to Removal was filed well outside the 30 day time limit available after it received the summons and complaint. Therefore, Lozito did not have unanimous consent at the time of removal, the rule of unanimity has not been satisfied, and the case is subject to remand.

Although the removal statute is to be strictly construed, there are three exceptions to the rule of unanimity. The rule does not apply to defendants who have not yet been served, to defendants who are only nominal or formal parties, or when the removed claim is separate and independent pursuant to 28 U.S.C. § 1441(c). *See Nixon v. James*, 174 F. Supp.2d 739, 743 (M.D. Tenn. 2001) (citing *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990)). In this case, Vero was served before Lozito filed his Notice of Removal, and the exception in § 1441(c) does not apply to a case arising under diversity jurisdiction. Therefore, the only way that Defendant Lozito can defend the otherwise improper removal is by establishing that Defendant Vero is a nominal party and was not required to consent to removal.

The Sixth Circuit has described a nominal party as "'one who has no interest in the result of the suit and need not have been made a party thereto.'" *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (quoting *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)). In the same vein, one district court has stated that a party is nominal when it "[has] no real interest in the outcome of the case. It must be of no moment to [the defendant] which side succeeds in the controversy." *Barrientos v. UT-Battelle, LLC*, 284 F. Supp.2d 908, 913 (S.D. Ohio 2003). The same district court has also noted that if the plaintiff's complaint states an arguable claim against the defendant, the defendant is not a nominal party. *See Local Union No. 172*, 253 F. Supp.2d at 1026 (stating that "the complaint properly states a claim (or at least an arguable claim) against [the defendant], and nothing more is required to find that [the defendant] is not a nominal party to this action.")

-6-

According to this analysis, the Court must examine the Complaint and any claims stated against Defendant Vero to determine if it might be a nominal party. In the factual portion of his Complaint, Plaintiff alleges that he picked out a dining room table and chairs at Vero's showroom, paid a total of $18,000.00 for these items, and arranged for the table and chairs to be delivered to his Tennessee residence; however, the table and chairs delivered to Plaintiff's house were not the same and were inferior to what Plaintiff had selected. (Compl. ¶¶ 21-26.) In Plaintiff's first count for breach of contract, it is alleged that "Mr. Chitwood, Vero, and Lozito entered into a contract for the purchase, sale, and delivery of a specific dining room table and specific dining room chairs. By delivering a nonconforming dining room table and nonconforming dining room chairs, Defendants breached the contract." (*Id.* ¶¶ 35-36.) In addition to this breach of contract claim, Plaintiff's fourth claim alleges promissory fraud against both Defendants. Plaintiff states that the delivery of a different and inferior table and chairs to his residence broke a promise by both Defendants to deliver the ordered table and chairs. As a result of the broken promise upon which Plaintiff relied, Plaintiff contends that he has been and continues to be damaged. (*Id.* ¶¶ 58-65.) Finally, Vero is part of Plaintiff's fifth claim arising under the Tennessee Consumer Protection Act ("TCPA"). In this claim, Plaintiff asserts that the delivery of a different table constituted a "bait and switch tactic" and was unfair or deceptive such that both Defendants violated the TCPA. (*Id.* ¶¶ 69-73.)

Based on the allegations in the Complaint, the Court cannot conclude that Vero was a nominal party to this lawsuit. Vero was certainly a less important party, as the bulk of Plaintiff's claims (and the factual basis for the claims) revolve around alleged misdeeds of Lozito and problems in the contractual relationship that existed between those two parties.

-7-

Case 1:09-cv-00262-HSM-WBC   Document 19   Filed 08/09/10   Page 7 of 9   PageID #: 108

Plaintiff does, however, assert a breach of contract claim, a promissory fraud claim, and a TCPA claim against both Defendants based on the alleged problems with the dining room table and chairs. Vero was directly involved in this transaction, and Plaintiff sought an award of $17,500.00 against Vero in his prayer for relief. (Compl. at 11.) Under the circumstances, the Court cannot conclude that Defendant Vero would have no interest in the outcome of this lawsuit or that Plaintiff has not asserted any claim against this Defendant.

Defendant Lozito contends that the party may be nominal "when there is no reasonable basis for asserting that it can be held liable in state court." (Lozito Resp. ¶ 3.) The United States Court of Appeals for the Fifth Circuit has stated that the removing party can establish that another defendant is nominal if "there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991) (citations and internal quotations omitted). This argument, however, appears to be at least somewhat grounded in allegations that Vero, a Florida corporation which did not engage in business in Tennessee, is not subject to personal jurisdiction in Tennessee state court. (Vero Notice ¶ 3; Lozito Resp. ¶ 3.) The Court does not have sufficient facts before it to determine the issue of personal jurisdiction and will not speculate as to how the state court might rule on that issue. The Court finds, however, that based on the allegations set forth in Plaintiff's Complaint, there is a possibility that Plaintiff

-8-

could maintain a cause of action against Defendant Vero in state court. The Court therefore concludes that Defendant Vero is not a nominal party.[1]

Because Defendant Vero failed to consent to Defendant Lozito's removal within the required 30 days, Defendant Lozito did not have the consent of all defendants involved in the case and did not properly remove the action to this Court. Accordingly, the case must be remanded to state court and Plaintiff's Motion to Remand will be **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand [Court Doc. 3] is **GRANTED** and the case shall be **REMANDED** to the Circuit Court of Hamilton County, Tennessee.

The Clerk is **DIRECTED** to mail a certified copy of this Order to the Clerk of the Circuit Court of Hamilton County, Tennessee. The Clerk is further **DIRECTED** to close the file in this case.

**SO ORDERED** this 9th day of August, 2010.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that Plaintiff moved for voluntary dismissal of Defendant Vero and that Plaintiff's Motion was recently granted. (Court Docs. 16 & 18.) Although this dismissal would appear to emphasize the nominality of Defendant Vero, the Court finds that the inquiry as to Vero's nominality must necessarily be restricted to the time of removal. *See Harper*, 392 F.3d at 210 (stating that "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal."). The Court would note, however, that Plaintiff's ability to obtain some relief through settlement–to the degree that the parties agreed that Vero could be dismissed from the action–would appear to support the conclusion that Vero was, in fact, not a nominal party.